**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4968**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

FRANKLIN ALEXANDER MILLS,

                Defendant - Appellant.

**No. 12-8048**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

FRANKLIN ALEXANDER MILLS,

                Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:09-cr-00039-WO-1)

Submitted:  May 31, 2013         Decided:  June 19, 2013

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Alexander Mills appeals the sentence imposed following this court's remand for resentencing, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and the district court's subsequent grant of Mills' 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction in accordance with the Fair Sentencing Act of 2010 and Amendment 750 to the Sentencing Guidelines.[1] On direct appeal, No. 12-4968, Mills' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court on remand was reasonable. In No. 12-8048, Mills filed a pro se brief, in which he alleges that the district court miscalculated his base offense level in granting his § 3582(c)(2) motion. Finding no error in either appeal, we affirm.

I.

The sole issue raised in the Anders brief in No. 12-4968 is whether Mills' sentence on remand was reasonable.[2] In

---

[1] Although the district court granted Mills' § 3582(c)(2) motion, it appears that Mills seeks an additional reduction beyond the reduction granted by the court.

[2] Because we previously affirmed Mills' convictions, our review pursuant to Anders is limited to an evaluation of the sentence imposed on remand. See United States v. Susi, 674 F.3d
(Continued)

3

reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is below the appropriate Guidelines range, it is presumptively reasonable. Susi, 674 F.3d at 289. The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing Mills' sentence on remand. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the record in this case, and have found no meritorious issues for appeal.

278, 283 (4th Cir. 2012) (explaining mandate rule and law of the case doctrine).

We therefore affirm the district court's amended judgment. This court requires that counsel inform Mills, in writing, of his right to petition the Supreme Court of the United States for further review. If Mills requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mills.

## II.

Turning to No. 12-8048, Mills, in his pro se brief, challenges the district court's grant of the § 3582(c)(2) motion, contending that the court miscalculated the base offense level for Counts 1 and 2,[3] determined the incorrect Guidelines range, and, thus, failed to reduce his sentence by the proper number of months. The district court may reduce a defendant's term of imprisonment if the defendant originally was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the

---

[3] A jury convicted Mills of possession with intent to distribute 5.2 grams of cocaine base and 50.6 grams of cocaine (Counts 1 and 2), in violation of 21 U.S.C. § 841(a)(1) (2006), possession of a firearm in furtherance of a drug trafficking crime (Count 3), in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon (Count 4), in violation of id. § 922(g)(1).

Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 750 to the Guidelines had the effect of lowering the base offense levels for certain crack cocaine offenses and is retroactively applicable. See U.S. Sentencing Guidelines Manual § 1B1.10(c) (2012); id. app. C, amends. 750, 759. Our review of the record leads us to the conclusion that the district court did not abuse its discretion in granting Mills' § 3582(c)(2) motion. See United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) (providing standard of review). Therefore, we affirm the district court's order granting a § 3582(c)(2) sentence reduction.

III.

Accordingly, we affirm the district court's judgment in each of these appeals. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED